# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2026 ND 6

| | |
|---|---|
| Jason Ziemann, | Plaintiff, Appellant, and Cross-Appellee |
| v. | |
| Juanita Grosz, | Defendant, Appellee, and Cross-Appellant |

## No. 20250164

Appeal from the District Court of McLean County, South Central Judicial District, the Honorable Bonnie L. Storbakken, Judge.

AFFIRMED.

Opinion of the Court by Fair McEvers, Chief Justice.

Robert J. Pathroff (argued) and Nicholas M. Surma (appeared), Bismarck, ND, for plaintiff, appellant, and cross-appellee.

Ryan G. Quarne (argued) and Jessica L. Klein (on brief), Minot, ND, for defendant, appellee, and cross-appellant.

**Ziemann v. Grosz**
**No. 20250164**

**Fair McEvers, Chief Justice.**

[¶1]   Jason Ziemann appeals and Juanita Grosz cross-appeals from a district court order on remand. After the parties appealed, this Court issued a limited remand for the district court to enter judgment on its order of remand. Ziemann argues the court erred by applying the default capital account rule of N.D.C.C. § 45-16-01(1) when a contrary agreement existed at the start of the partnership; clearly erred in finding no implied agreement existed to vary the statutory default for capital accounts; and correctly applied N.D.C.C. § 45-16-02 to prohibit Grosz from receiving an in-kind distribution of partnership assets. In her cross-appeal, Grosz argues the court erred in holding she was not entitled to ownership of the current inventory or, alternatively, failed to provide her an opportunity to buy out Ziemann's interest in Grosz Wrecking's remaining assets. Because we conclude the district court carried out our mandate's terms on remand after our decision in *Ziemann v. Grosz*, 2024 ND 166, 10 N.W.3d 801 ("*Ziemann I*"), we affirm.

I

[¶2]   This Court's prior opinion in *Ziemann I*, 2024 ND 166, ¶¶ 1, 24-25, 38, sets forth the relevant facts and proceedings in this case, which will not be repeated here.

[¶3]   In *Ziemann I*, this Court affirmed the district court's judgment in part, concluding the court did not err when it held the parties formed a partnership and Grosz contributed property to the partnership, dismissed Grosz's trespass claim, dismissed Ziemann's claims for tortious interference with a business relationship and breach of fiduciary duty, and awarded Ziemann costs and disbursements as the prevailing party. 2024 ND 166, ¶¶ 1, 38. This Court also reversed the judgment in part, holding the district court erred "by not applying the N.D.C.C. § 45-20-07 default partnership winding up provisions," and remanded the case "for the district court to enter judgment consistent with this decision." *Id.*

1

[¶4]   In concluding the district court erred by not applying the statutory default winding up provisions under N.D.C.C. § 45-20-07, this Court explained:

> Partnership partners are deemed to have an account that is credited with the amount of money and property, net of the amount of any liabilities, they contributed to the partnership. N.D.C.C. § 45-16-01(1)(a). The partners' accounts also must be charged with the partners' share of losses and an amount equal to the property and money, net of the amount of any liabilities, distributed by the partnership to the partner. N.D.C.C. § 45-16-01(1)(b). Under N.D.C.C. § 45-20-07(1), when winding up a partnership, after the partnership's obligations are satisfied, "[a]ny surplus must be applied to pay in cash the net amount distributable to partners in accordance with their right to distributions under subsection 2," which provides:
>
> > "Each partner is entitled to a settlement of all partnership accounts upon winding up the partnership business. In settling accounts among the partners, the profits and losses that result from the liquidation of the partnership assets must be credited and charged to the partner's accounts. The partnership shall make a distribution to a partner in an amount equal to any excess of the credits over the charges in the partner's account. A partner shall contribute to the partnership an amount equal to any excess of the charges over the credits in the partner's account."
>
> N.D.C.C. § 45-20-07(2). These provisions are default rules and do not apply if the partners have agreed otherwise. N.D.C.C. § 45-13-03. Whether partners have agreed to override a statutory default rule is a finding of fact subject to the clearly erroneous standard of review. *See Carlson v. Carlson*, 2011 ND 168, ¶ 15, 802 N.W.2d 436 (affirming a district court's finding that partners agreed there would be no equalization of unequal contributions).
>
> The district court determined Grosz was not entitled to a credit for her contributions holding "Ms. Grosz formed a partnership with Mr. Ziemann and agreed to give him a 70% ownership stake in Grosz Wrecking." However, as previously discussed, the court also found Grosz "intended the existing inventory to be part of her and Mr. Ziemann's partnership." If Grosz intended to contribute her inventory to the partnership, neither she nor Ziemann personally own it. "Property acquired by a partnership

2

is property of the partnership and not of the partners individually." N.D.C.C. § 45-14-03. Ziemann has not identified any evidence the parties discussed or agreed to specific winding up provisions that differ from the statutory defaults. Absent a contrary agreement, Grosz is entitled to a settlement of her account under N.D.C.C. § 45-20-07. The district court erred when it did not apply the statutory default winding up provisions.

*Ziemann I*, 2024 ND 166, ¶¶ 24-25.

[¶5] On remand, the district court allowed briefing and held a hearing for argument. In its order on remand, the court found no agreement to vary from the default capital account rules; found Grosz has a capital credit of $1,790,000 for her contributions to the partnership; found no evidence Ziemann made any contributions to the partnership requiring a credit to his account under N.D.C.C. chapters 45-16 and 45-20, outside of a $1,000 deposit into a joint bank account; held Grosz was not entitled to an in-kind distribution of the remaining inventory; and ordered the business be dissolved and wound-up.

[¶6] After this Court affirmed the judgment in part and reversed it in part, the district court on remand entered an order but not a judgment. The parties appealed from that order. We issued a limited remand for the district court to enter a judgment on its order on remand. On this limited remand, the district court entered a consistent judgment on its order. *See Taylor v. Taylor*, 2022 ND 39, ¶ 6, 970 N.W.2d 209 ("An attempted appeal from an order for judgment will be treated as an appeal from a subsequently entered consistent judgment, if one exists.").

II

[¶7] "On remand, the district court must follow directions from this Court." *Roth v. Meyer*, 2025 ND 116, ¶ 12, 23 N.W.3d 131 "The mandate rule, a more specific application of law of the case, requires the trial court to follow pronouncements of an appellate court on legal issues in subsequent proceedings of the case and to carry the appellate court's mandate into effect according to its terms." *Id.* (quoting *Walstad v. Walstad*, 2013 ND 176, ¶ 9, 837 N.W.2d 911). "[This

Court] retain[s] authority to decide whether the court fully carried out our mandate's terms." *Id.*

[¶8] This Court concluded, "Absent a contrary agreement, Grosz is entitled to a settlement of her account under N.D.C.C. § 45-20-07. The district court erred when it did not apply the statutory default winding up provisions." *Ziemann I*, 2024 ND 166, ¶ 25. We reversed in part, holding the court erred by not applying N.D.C.C. § 45-20-07's default partnership winding up provisions, and remanded for the court to enter "judgment consistent with this decision." As such, the scope of our remand was narrow.

A

[¶9] Ziemann argues the district court erred by applying the default capital account rule of N.D.C.C. § 45-16-01(1) when a "contrary agreement" existed at the start of the partnership to value and credit Ziemann and Grosz's respective capital contributions on a 70%/30% basis of the sale price of the remaining inventory, whenever sold, which they intended to apply through the liquidation of the last inventory. He argues the court committed reversible error of law by applying the default statutory account rules when the parties' agreement is the "supreme law" of the partnership.

[¶10] This Court explained, "These provisions [N.D.C.C. §§ 45-16-01 and 45-20-07] are default rules and do not apply if the partners have agreed otherwise. N.D.C.C. § 45-13-03." *Ziemann I*, 2024 ND 166, ¶ 24. "Whether partners have agreed to override a statutory default rule is a finding of fact subject to the clearly erroneous standard of review." *Id.* (citing *Carlson v. Carlson*, 2011 ND 168, ¶ 15, 802 N.W.2d 436 (affirming district court's finding that partners agreed there would be no equalization of unequal contributions)).

[¶11] Ziemann argues N.D.C.C. § 45-20-07(2) initially requires a factual determination on whether the partners had an agreement as to how they would account to each other for their partnership contributions. He contends the district court erred in not finding the default method of accounting rule in N.D.C.C. § 45-16-01 did not apply and by not enforcing the parties' agreement, which "the trial record clearly establishes," on how they would account to each other for

4

their respective contributions. He further argues the partnership agreement—whether express, oral, or implied—supersedes the defaults under the North Dakota version of the Revised Uniform Partnership Act (RUPA).

[¶12] In its order on remand, the district court found no evidence the parties had an agreement on terms for partnership dissolution. The court found that while the parties' conduct "established the existence of a partnership, it did not establish an equal division of the total assets of the partnership," [distinguishing *Petersen v. Petersen*, 169 N.W.2d 228, 231 (Minn. 1969)]; and specifically found that "[u]ltimately, there was *no evidence or testimony* presented to the Court outside of the post appeal briefs *regarding the dissolution terms of the business*." (Emphasis added.) The court further found "applying the partnership agreement to the dissolution of the partnership is not appropriate under the statute [N.D.C.C. § 45-16-01] when the partnership agreement did not contemplate dissolution terms."

[¶13] The district court's findings Ziemann and Grosz did not have an agreement to "override" a statutory default rule and applying the statutory defaults are not clearly erroneous. The findings are consistent with this Court's statement in *Ziemann I*, "Ziemann has not identified any evidence the parties discussed or agreed to specific winding up provisions that differ from the statutory defaults." 2024 ND 166, ¶ 25. These findings are therefore dispositive of the issues on appeal.

B

[¶14] Ziemann argues a partner's "sweat equity" is a valid capital contribution when the partners agree to treat it as such; he argues the district court erred in concluding he was not entitled to a capital credit because he was compensated through his profit share and because N.D.C.C. § 45-16-01(8) prohibits "remuneration" for services.

[¶15] Ziemann argues the district court failed to distinguish between prohibited "remuneration" with a "capital contribution of services." He discusses several cases, arguing the default rule does not preclude partners from agreeing that one partner's contribution to the partnership capital will be made through the

5

provision of knowledge, skill, and labor rather than cash or property, i.e., personal services qualify as capital contributions when an express or implied agreement to do so exists. He asserts his capital contribution included quitting his job, moving his family, taking sole responsibility for all labor and management, and assuming all operating expenses for seven years. He argues RUPA and our cases prioritize "freedom of contract" and the partners' agreement in valuing service contributions as capital, and the court erred in a "rigid" application of N.D.C.C. § 45-16-01(1)(a)'s default rule. He asserts the parties, in 2014, agreed to value his anticipated, multi-year provision of labor, management, and assumption of all expenses "at 70% of the partnership's assets." He contends the court erred as a matter of law by failing to recognize and enforce "that agreement."

[¶16] Despite Ziemann's assertions, the district court in its order on remand did not find the parties had agreed to treat his "sweat equity" as a capital contribution. While his legal argument on appeal—i.e., the law allows partners to agree that a partner's services, knowledge, skill, or labor may constitute a capital contribution—may be a correct statement of law, the court did not find such an agreement between the parties to exist. The court found the parties' partnership agreement did not contemplate dissolution terms. Moreover, this finding contemplates a distinction between the partners' agreement to share profits to the "last sale" during normal partnership operations and the lack of an agreement on a "winding up" liquidation on dissolution. Ziemann's arguments to the contrary are unavailing.

C

[¶17] Ziemann argues that, even if the district court had applied the correct legal framework, the court's finding that no implied agreement on a system of partner accounts, such that varied the statutory default for capital accounts, is so contrary to the "great weight" of the evidence that it must be set aside as clearly erroneous.

[¶18] Ziemann argues the district court's finding ignored the "overwhelming and undisputed" evidence of the parties' bargained-for economic arrangement,

6

his substantial and detrimental reliance, and the partners' business practices over seven years. He contends the "uncontroverted evidence of the parties' conduct" establishes an implied agreement contrary to N.D.C.C. § 45-16-01(1), "under which Ziemann is entitled to a credit to his partnership account for the contributions he agreed to provide equal to 70% of the ultimate sale price of the inventory, less expenses, and [Grosz] is entitled to a credit to her account equal to 30%."

[¶19] Ziemann argues, from the outset of the Grosz Wrecking partnership in 2014, their conduct showed "one clear intention": every dollar generated from the inventory liquidation was to be divided 70%/30% until the last item was sold. He asserts this was not a profit-sharing formula, but the partnership's foundational economic bargain—i.e., the partnership was a liquidation from its inception. Ziemann thus contends, under N.D.C.C. § 45-20-07(1) and (2), he is entitled to a return of his capital contribution—based on the parties' oral agreement, their course of conduct, and modification of their original agreement, amounting to 70% of the value of the salable Grosz Wrecking inventory.

[¶20] Here, whether the parties had an "implied agreement" on the parties' respective capital accounts or the statutory default partnership winding up provisions was committed to the district court's fact-finding function on remand. We conclude the district court did not clearly err by not finding an implied agreement between the parties on this record.

III

[¶21] In her cross-appeal, Grosz argues the district court erred in holding Grosz was not entitled to ownership of the current inventory or, alternately, failed to provide Grosz with an opportunity to buy out Ziemann's interest in the remaining assets of Grosz Wrecking. Ziemann, however, responds that the court correctly applied N.D.C.C. § 45-16-02 ("A partner has no right to receive, and may not be required to accept, a distribution in kind.").

[¶22] We note the comment to RUPA § 402 states this section is "complemented" by section 807(a). Comment 2 to RUPA § 807 states, "RUPA continues the 'in-cash' rule of UPA Section 38(1) and is consistent with Section 402, which

7

provides that a partner has no right to receive, and may not be required to accept, a distribution in kind, unless otherwise agreed. The in-cash rule avoids the valuation problems that afflict unwanted in-kind distributions." Therefore, in the absence of any contrary agreement, we conclude the district court did not err in applying N.D.C.C. § 45-16-02.

IV

[¶23] We affirm the district court's order on remand and its subsequent judgment entered on limited remand.

[¶24]  Lisa Fair McEvers, C.J.
      Daniel J. Crothers
      Jerod E. Tufte
      Jon J. Jensen
      Douglas A. Bahr